UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

KYLE SUN RAY,

          Plaintiff,

    v.

WARREN ROBERTS; BENJAMIN SMITH;
MICHAEL SEALE; JOSHUA REESE; MORIAM
BALOGUN; BETHANY SMITH; DANNA
FLEENER; HEIDI MILLER; TABITHA DRAGO;
KAREN PARR; CAMERON WILSON; MELINDA
GITNES; and OREGON DEPARTMENT OF
CORRECTIONS, an agency of the State of Oregon,
sued in their individual and official capacities,

          Defendants.

Case No. 6:24-cv-00509-YY

ORDER

Plaintiff Kyle Sun Ray, who is currently incarcerated with the Oregon Department of

Corrections ("ODOC") and is representing himself in this matter, filed this suit in March of 2024

alleging that the medical care he received for his foot pain and sleep disorders while in ODOC

custody violated his Eighth Amendment rights and was medically negligent under Oregon state

law. Currently pending is plaintiff's Motion for Appointment of Pro Bono Counsel, ECF 122,

and plaintiff's "Objection to Magistrate Judge's Order" (ECF 124) on plaintiff's Motion to

Compel Discovery (ECF 76), which is construed as a motion for reconsideration.

    Generally speaking, both motions pertain to plaintiff's attempts to discover information

about notes in plaintiff's medical records reflecting observations made of plaintiff during his

1 – ORDER

visit to the infirmary at Oregon State Prison in June of 2023. Defendant Benjamin Smith was a physician who saw and evaluated plaintiff many times while he was incarcerated at Oregon State Prison beginning in February of 2022. Smith Decl. ¶¶ 1–3, ECF 79. In June of 2023, after examining plaintiff several times and noting some apparent inconsistencies between plaintiff's reports of debilitating foot and shoulder pain and his daily activities, and observations Dr. Smith made about plaintiff's outward physical presentation and condition, Dr. Smith admitted plaintiff to the OSP infirmary for observation and monitoring. *Id.* ¶¶ 12–13. While plaintiff was being monitored in the infirmary, Dr. Smith noted that "[o]rderlies stated they have seen him multiple times going back and forth to the restroom and walking around without any issues. This confirmed that he was indeed able to take care of himself by getting up and walking to the restroom, accomplishing toileting, hygiene, dressing and feeding himself. I confirmed that this occurred by talking with several orderlies and nurses myself." *Id.* ¶ 14j (internal citations omitted). The exhibits attached to Dr. Smith's declaration include plaintiff's medical records, including a note made on June 5, 2023, that one of the "orderlies" who was an adult-in-custody ("AIC") stated that plaintiff was "seen multiple times going back and forth to the restroom" and the previous day was "seen walking around the majority of the day without any issues." Smith Decl., Ex. 1 at 20, ECF 79-1.

The name of the AIC has been redacted. Plaintiff seeks to discover the name of the unidentified AIC, and these motions are the latest attempt to acquire that information. *See* Pl. Mot. Compel 1, ECF 76. Defendants have refused to provide plaintiff with the name of the unidentified AIC on the basis that the AIC's identity is confidential under O.A.R. § 291-070-0120(l).

2 – ORDER

Plaintiff's request to compel defendants to identify the AIC in question is denied, whether as part of plaintiff's motion for the appointment of counsel or on reconsideration of the denial of plaintiff's motion to compel. The materials that defendants have submitted do not indicate that they intend to call this unidentified AIC as a witness to testify to what this person observed, and thus it is not necessary to compel defendants to reveal the AIC's identity. *See Wolff v. McDonnell*, 418 U.S. 539, 566–67 (1974) (explaining that inmates do not have the "unrestricted right to call witnesses from the prison population" in a civil case because that "carries obvious potential for disruption" and the creation of "havoc inside the prison walls"); *see also Cervantes v. Adams*, No. 1:11-cv-00387-BAM-PC, 2012 WL 844750, at *7 (E.D. Cal. Mar. 12, 2012), *aff'd*, 507 F. App'x 644 (9th Cir. 2013) (explaining that failing to provide the plaintiff with confidential information used against him in an investigation during his incarceration that found that he was an associate of a prison gang did not violate the plaintiff's due process rights).

Plaintiff alternatively requests appointment of counsel because of the complexity of the case and to assist in responding to defendant's anticipated dispositive motions. Pl. Mot. Appoint. 2–3, ECF 122. Since plaintiff moved for appointment of counsel, he has filed his own motion for partial summary judgment. *See* ECF 139. A review of plaintiff's most recent filings and history of his filings in this case demonstrate that plaintiff is capable of understanding the Federal Rules of Civil Procedure, submitting evidence into the record and citing to it, and understanding the legal framework applicable to his civil rights claims. Furthermore, the court does not find this case to be of such complexity that it warrants appointment of counsel. *See Clark v. Oregon*, No. 3:16-cv-00574-YY, 2016 WL 1732875, at *2 (D. Or. May 2, 2016) (explaining that the court may appoint counsel for indigent civil litigants under "exceptional circumstances," which requires consideration of the likelihood of success on the merits and the ability of the plaintiff to

3 – ORDER

articulate his claims *pro se* in light of the complexity of the legal issues) (citing *Palmer v. Valdez*, 560 F3d 965, 970 (9th Cir. 2009)).

For all those reasons, plaintiff's Motion for Appointment of Pro Bono Counsel (ECF 122) and Objection to Magistrate Judge's Order (124), which is construed as a motion for reconsideration of the court's order denying plaintiff's motion to compel (ECF 119), are denied. Plaintiff may appeal this order to a district judge by filing objections within 14 days after receiving a copy of the order. *See* Fed. R. Civ. P. 72(a).

IT IS SO ORDERED.

DATED  August 5, 2026.

/s/ Youlee Yim You
Youlee Yim You
United States Magistrate Judge

4 – ORDER