UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

KYLE SUN RAY,

          Plaintiff,

      v.

WARREN ROBERTS; BENJAMIN SMITH;
MICHAEL SEALE; JOSHUA REESE; MORIAM
BALOGUN; BETHANY SMITH; DANNA
FLEENER; HEIDI MILLER; TABITHA DRAGO;
KAREN PARR; CAMERON WILSON; MELINDA
GITNES; and OREGON DEPARTMENT OF
CORRECTIONS, an agency of the State of Oregon,
sued in their individual and official capacities,

          Defendants.

Case No. 6:24-cv-00509-YY

ORDER

Plaintiff Kyle Sun Ray, who is currently incarcerated with the Oregon Department of

Corrections ("ODOC") and is representing himself in this matter, filed this suit in March of 2024

alleging that the medical care he received for his foot pain and sleep disorders while in ODOC

custody violated his Eighth Amendment rights and was medically negligent under Oregon state

law. Currently pending is plaintiff's Motion for Extension of Time for Discovery and Dispositive

Motion Deadlines (ECF 130) and plaintiff's Motion to Conduct Remote Depositions (ECF 134).

Both motions are related to plaintiff's "recen[t] discover[y] that the Oregon Department of

Corrections allows Adults in Custody to conduct digitally recorded remote depositions via the

MICROSOFT TEAMS online platform." Pl. Mot. Rem. Depos. 1, ECF 134; *see also* Pl. Mot.

1 – ORDER

Extension 1–2, ECF 130. Plaintiff requests an extension of the discovery deadline to October 12, 2026, and an extension of the dispositive motions deadline to November 12, 2026. Plaintiff also "requests the court order defendants to arrange for a qualified person to administer the oath remotely for each witness." Pl. Mot. Rem. Depos. 2, ECF 134.

Relatedly, plaintiff has also filed a Motion to Stay Proceedings (ECF 126), in which he requests that this case be stayed pending the resolution of his state habeas corpus case, *Kyle Sun Ray v. Corey Fhuere*, Marion County Case No. 25CV66450. Defendants did not oppose the motion for stay. This order resolves all three of these outstanding motions.

Plaintiff's request to extend the discovery deadlines to accommodate remote depositions to be paid for by the State defendants is denied. Under Federal Rule of Civil Procedure 30(b)(3)(A), the party noticing the deposition, here plaintiff, "bears the recording costs" of the deposition. Plaintiff cites no authority for shifting that burden to the State defendants here. And furthermore, though 28 U.S.C. § 1915 authorizes courts to allow a suit to be filed without prepayment of fees and costs in certain circumstances, that section does not authorize or require courts to subsidize or otherwise authorize the use of public funds to pay fees for indigent litigants. *See Merch. v. Lopez*, No. 3:09-cv-00856-WQH-NLS, 2010 WL 1948922, at *2 (S.D. Cal. May 12, 2010) ("The expenditure of public funds on behalf of an indigent litigant is proper only when authorized by Congress, and the Ninth Circuit has found no such authorization in section 1915 for the payment of witness fees.") (simplified) (citing *Tedder v. Odel,* 890 F.2d 210, 211–12 (9th Cir. 1989)).

Plaintiff filed a reply in support of both the motion for extension of time and the motion to conduct remote depositions. Although replies to discovery motions are not permitted under Local Rule 26-3, to the extent plaintiff's reply is in support of the motion for extension of time,

2 – ORDER

the reply and the documents attached to it are considered but do not change the analysis above. There is nothing in the record reflecting that plaintiff timely attempted to notice any proposed depositions or attempt to make the necessary arrangements. As discussed above, the party conducting the deposition must bear the costs under the federal rules. Nowhere in any of the materials has plaintiff indicated that he is able to pay or has made arrangements to pay for the costs of the proposed depositions or for a qualified person to administer the necessary oath. *See* Monical Decl. ¶ 7, ECF 148 (explaining that an AIC can conduct a deposition after "mak[ing] payment arrangements" with a court reporter); Pl. Reply 3, ECF 146 (requesting the court order the "court clerk to log into the Microsoft Teams meeting to give the witnesses an oath remotely"); *Bovarie v. Schwarzenegger*, No. 3:08-cv-01661-LAB-NLS, 2010 WL 4538109, at *2 (S.D. Cal. Nov. 2, 2010) ("Section 1915 does not . . . authorize or require federal courts to finance or subsidize a civil action or appeal by paying fees or other costs associated with litigation.") (citing *Hadsell v. Internal Revenue Service,* 107 F.3d 750, 752 (9th Cir. 1997); *Dixon v. Ylst,* 990 F.2d 478, 480 (9th Cir. 1993)).

Plaintiff's motion to stay the case, to which defendants did not file a response, is granted. Plaintiff shall file a status report regarding the state court case by November 6, 2026. Plaintiff's pending Motion for Partial Summary Judgment (ECF 139) is held in abeyance while the case is stayed. Plaintiff shall not file additional motions in this case while it is stayed, except for a motion to lift the stay. Should the situation arise, plaintiff is also permitted to file a motion pertaining to an emergency situation that involves irreparable injury. Once the stay is lifted, defendants' response to plaintiff's pending Motion for Partial Summary Judgment shall be filed within 30 days. Any other dispositive motions shall also be filed within 30 days after the stay is lifted.

3 – ORDER

Because plaintiff's motion for stay is granted, plaintiff's request to extend the dispositive motion deadline to November 12, 2026, is denied as moot.

IT IS SO ORDERED.

DATED August 6, 2026.

/s/ Youlee Yim You
Youlee Yim You
United States Magistrate Judge

4 – ORDER